Application for review of sentence imposed by the Superior Court, Judicial District of New London, at New London, Docket #10-173535;
Douglas J. Monaghan, Esq., Defense Counsel for Petitioner
Lawrence Tytla, Assistant State's Attorney for the State.
BY THE DIVISION
After trial by jury, petitioner was convicted of three counts or sexual assault in the second degree in violation of General Statutes 53A-71(A)(1) and three counts of Risk of Injury in violation of General Statutes 53-21. Petitioner was sentenced to a total effective sentence of twenty-five years suspended after 15 years with 5 years probation.
Evidence at trial indicated that the petitioner had persistent and regular sexual intercourse with his victim/step-child from the age of ten and up to the age of CT Page 735 twelve. Other sexual activities with the victim/child included cunnilingus and attempted fellatio. As a direct result of sexual intercourse with the victim/child she became pregnant at the age of twelve. That pregnancy resulted in an abortion. Once the petitioner discovered that the victim/child was pregnant he importuned her to lie to the police and file a fake account that she had been raped at a dance and that was the cause of her pregnancy.
After a police investigation the petitioner was arrested.
Counsel for the petitioner argued at the hearing that the sentencing court failed to give sufficient consideration to the petitioner's nine years of service in the U.S. Navy. He further argues that the trial court gave little thought to the forensic evaluation of Dr. Ronald D. Anderson, Ph.D. of the Northeastern Psychological Services. Counsel stated that petitioner was enrolled in the sex offender treatment program at Somers but that program was inadequate to treat the petitioner's psychological problems. Thus pointing out to the division that a shorter sentence would prompt his release into a better treatment modality.
The state's attorney argued that the sentence was appropriate as imposed. He emphasized that the petitioner elected to go to trial which forced the victim/child to testify while the child's natural mother testified that she didn't believe her own daughter. The state pointed out that after post-conviction the petitioner admitted the facts were true and added further sordid details of his sexual activities.
At the time of sentencing it is very clear that the judge took into consideration the petitioners naval career; however he stated ". . . .this gentleman may be the best sailor in the world, but, he was in my opinion the worst step father that I have encountered."
Although the comment is minimal the record indicates that the sentencing court did also consider the report of Dr. Anderson but voiced skepticism at its conclusion.
In reviewing the record this division cannot ignore the seriousness of the crimes for which the petitioner has been convicted. While the sex treatment program at Somers may not be adequate to help the petitioner's psychological problems, it does not lend to a lesser sentence for better treatment. The sentence imposed by the trial court reflects its duty to impose a sentence that is fair and adequate to protect the public.
Accordingly sentence is affirmed. CT Page 736
Purtill, J., Klaczak, J., and Norko, J., participated in the decision.